IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KYLE WAYNE GRIDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-10-0486-HE |
| | ) | |
| JOSEPH TAYLOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Kyle Wayne Grider, a state prisoner represented by counsel, filed this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition be denied. Petitioner has filed an objection to the Report and Recommendation, reasserting all grounds for relief.

Petitioner was convicted by a jury of second degree felony murder and aggravated eluding of a police officer. He was sentenced to consecutive sentences of forty-five years imprisonment on the murder charge and five years imprisonment on the aggravated eluding charge. Petitioner's convictions were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA") and his application for post-conviction relief was denied by both the trial court and the OCCA. Petitioner has exhausted the claims he asserts in his habeas petition, having raised them in either his direct appeal to the OCCA or in his application for post-conviction relief.

Briefly summarized, the pertinent facts underlying the convictions are that on October 20, 2005, Sergeant Dragus of the Oklahoma City Police Department observed

petitioner and a female companion riding a motorcycle, which he noticed matched the description of a motorcycle recently reported as stolen. He activated his emergency lights and siren and signaled for petitioner to stop. Instead of stopping, petitioner increased his speed and a high speed chase followed that involved Sergeant Dragus and back up officers whom he had called.[1] Petitioner was about fifteen car lengths ahead of Sergeant Dragus and the other officers when Sergeant Dragus swerved to avoid a truck crossing an intersection. The officer lost control of his vehicle and sustained mortal injuries. Petitioner was not in the immediate area at the time of the wreck and learned later that day that Sergeant Dragus had died.

Petitioner asserts nine grounds for relief in his habeas petition.[2] Grounds One, Two and Six stem from his contention that Oklahoma's second degree felony murder statute requires proof that the person charged actually perpetrated the killing. Because he was not in the vicinity at the time of Sergeant Dragus' wreck and was unaware of his death, petitioner contends he did not "perpetrate" a homicide. He asserts that, while the OCCA had previously rejected the "proximate cause" theory of second degree felony murder, it ignored that case law and misconstrued the second degree felony murder statute when it affirmed his murder conviction.

The magistrate judge rejected Grounds One, Two and Six based principally on the conclusion that the court is bound by the OCCA's interpretation of the second degree

---

[1]*At some point the female passenger jumped off the motorcycle as they drove through a residential neighborhood.*

[2]*The magistrate judge reviewed petitioner's claims under the Antiterrorism and Effective Death Penalty Act of 1996's "highly deferential standard for evaluating state-court rulings." Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (internal quotations omitted).*

felony murder statute. She noted that the OCCA's conclusion that the evidence was sufficient to support petitioner's conviction for second-degree felony murder was consistent with its decision in <u>Malaske v. State</u>, 89 P.3d 1116 (Okla.Crim.App. 2004).[3] In that case the OCCA considered whether the defendant had "perpetrated" a homicide while engaged in the commission of a felony and rejected an argument similar to that asserted by the petitioner here.[4]

The court agrees with the magistrate judge's analysis and her conclusion that petitioner is not entitled to relief on the basis of Grounds One, Two or Six.[5] The court also agrees with the magistrate judge's rejections of petitioner's remaining claims, Grounds Three (double jeopardy); Four (lesser included defenses), Five (prejudicial

---

[3]*Petitioner argues that <u>Malaske</u> is inconsistent with an earlier decision of the OCCA, <u>State v. Jones</u>, 859 P.2d 514 (Okla.Crim.App. 1993). However, "[o]n <u>habeas</u> review ... the [state] courts' interpretation of the state felony murder statute is a matter of state law binding on this court." <u>Chapman v. LeMaster</u>, 302 F.3d 1189, 1196 (10th Cir. 2002). As the magistrate judge explained, the OCCA "applied the 'proximate cause' theory of felony murder to the second degree felony murder conviction in <u>Malaske</u>," "despite its holding in <u>Jones</u> and the fact that the Oklahoma Legislature did not amend the second degree felony murder statute when it amended the first degree felony murder statute." Report and Recommendation, p. 12. Petitioner has not shown he was denied due process by the state court's asserted "arbitrary disregard of pertinent Oklahoma law." Objection, p. 5.*

[4]*The defendant in <u>Malaske</u> had furnished alcohol to his underage sister, knowing that she intended to share it with some underage friends. One of the friends drank excessive amounts of the alcohol and died of blood alcohol poisoning. The court first considered whether the underlying felony, the crime of furnishing alcohol to a minor, was inherently dangerous. Concluding that it was, the OCCA then held that even though the defendant was "not actually present when the alcohol was consumed," his actions were sufficient for a conviction under the felony murder statute. <u>Malaske</u>, 89 P.3d at 1117 n.1.*

[5]*Petitioner also challenges the OCCA's determination that unauthorized use of a motor vehicle was properly charged as the predicate felony for the felony murder charge. Again, the court is bound by the OCCA's interpretation of Oklahoma law on that issue. <u>Chapman</u>, 302 F.3d at 1196.*

3

evidence), Seven and Eight (ineffective assistance of trial and appellate counsel),[6] and Nine (cumulative error).

As for petitioner's request for an evidentiary hearing on his ineffective assistance of counsel claim, in its summary opinion the OCCA used the problematic language "[t]he evidence provided with the motion does not contain sufficient information to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective," citing Rule 3.11(B)(3)(b), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. Response, Doc. #11, Exhibit 3, p. 4, n.1. As explained by the Tenth Circuit in Wilson v. Workman, 577 F.3d 1284, 1297 (10th Cir 2009), "Rule 3.11's standard poses a lower substantive standard (the defendant need show only a 'strong possibility' of ineffectiveness) but a higher evidentiary standard (the evidence must be 'clear and convincing' rather than simply a 'preponderance')." As the OCCA applied the Rule 3.11 standard which, "does not replicate the federal standard and therefore does not constitute an adjudication on the merits as to whether Mr. [Grider's] non-record evidence could support his Strickland claim," *id.* at 1300, its decision is not entitled to AEDPA deference. *But see* Byrd v. Workman, 645 F.3d 1159, 1166 n.8 (10th Cir. 2011), *cert. denied*, ___ U.S. ___ (2011).

Petitioner sought to offer evidence – his own affidavit and those of two jurors – demonstrating his trial counsel was ineffective first, for not consulting him before conceding that he was guilty of the predicate felony of unauthorized use of a motor

---

[6]*The court agrees with the magistrate judge's analysis of petitioner's various allegations of ineffective counsel, but concludes those asserted in conjunction with his request for an evidentiary hearing should be reviewed on the merits.*

vehicle and second, for failing to take action to object to, and try to limit the effect of, the large police presence in the courtroom. Such evidence does not demonstrate ineffective assistance.[7]

Even without the concession of guilt, as the magistrate judge noted, "there was sufficient evidence for the jury to conclude that Petitioner was, in fact, guilty of unauthorized use of a motor vehicle beyond a reasonable doubt." Report and Recommendation, p. 24. See Tr. 294-96,356, 862, 894. Petitioner has not argued that the issue was contested or cited to any evidence demonstrating that the jury could have concluded otherwise.

As petitioner apparently had no evidence to contradict the fact that the motorcycle was stolen, his attorney's concession could be considered part of a sound trial strategy. He made a reasonable tactical decision to admit petitioner committed the felony, while vigorously contesting that the unauthorized use had "anything to do with the death of Officer Dragus." Tr. 1117.[8] The court concludes there is not a reasonable probability that the result of the proceeding would have been different if petitioner's trial counsel had consulted him and then challenged the State's evidence that petitioner's use of the

---

[7]*To succeed on an ineffective assistance of counsel claim a petitioner "must show both that his counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.'" Byrd, 645 F.3d at 1167 (quoting Strickland, 466 U.S. at 687–88).*

[8]*One of petitioner's arguments, rejected by the OCCA, was that unauthorized use could not be the predicate felony for a charge of second-degree felony murder as it was not "potentially dangerous to human life as determined by the facts and circumstances surrounding the felony and the homicide." Doc. #2, Exhibit 2, Brief of appellant, p. 12 Objection, p. 7. However, "'claims of state law violations are not cognizable in a federal habeas action.'" Ellis v. Hargett, 302 F.3d 1182, 1189 (10th Cir. 2002) (quoting Montez v. McKinna, 208 F.3d 862, 865 (10th Cir.2000); 28 U.S.C. §2254(a)).*

motorcycle was unauthorized.[9]

The proffered evidence pertaining to the police presence in the courtroom, without more, also is insufficient to demonstrate either prong of the Strickland standard. *See* Lambert v. McBride, 365 F.3d 557, 564 (7th Cir. 2004) (counsel was not ineffective for failing to object to the presence of uniformed police officers as spectators in the courtroom during a trial for the murder of a police officer). "[T]rials are open to the public, including to police officers." *Id.* As the victim was an officer who died in the line of duty, the jury would have expected the courtroom audience to include policemen. Nothing in the record indicates "that the officers were in any way trying to intimidate the jurors." *Id*.

Petitioner cites no authority and no evidence supporting his conclusory assertion that the "constant and overwhelming police presence in the courtroom created a coercive atmosphere wherein jurors likely felt implicit pressure to return a verdict of guilt." Objection, p.20. The court concludes that counsel's failure to "object to their presence [did] not render his performance deficient under the standard set out in Strickland." *Id. See* Holbrook v. Flynn, 475 U.S. 560 (1986) (the constant presence of four uniformed state troopers seated in the spectator's area immediately behind defendant for security purposes was not so inherently prejudicial as to deprive defendant of a fair trial); *see*

---

[9]*Contrary to petitioner's argument, the concession, when combined with the absence of any lesser included offense instruction, did not "guarantee[] the Petitioner's conviction for second degree felony murder." Objection, p. 16. The state still had to prove a nexus between the felony and the death in order for the felony murder doctrine to apply. See* Malaske*, 89 P.3d at 1117-18. It was that nexus which trial counsel attempted to break by arguing that the sergeant's death was the result of an intervening cause --the pickup driver's entry into the intersection. In his objection, counsel ignores element three of the jury instruction he cites, Objection, p. 17, citing O.R. 664 ("caused by the defendant while in the commission of a felony"), and the homicide causation instruction. O.R. 667, Doc. #11, Exhibit 9.*

*generally* Carey v. Musladin, 549 U.S. 70, 76 (2006) (in case involving the impact of a victim's family wearing buttons displaying the victim's image during a murder trial, the Supreme Court noted that it had "never addressed a claim that such private-actor courtroom conduct was so inherently prejudicial that it deprived a defendant of a fair trial."); Byrd, 645 F.3d at 1173 ("Mr. Byrd offers little more than speculation regarding the purported prejudicial effect of the admission of these additional felonies on his sentence, and it is well-established that such speculation alone cannot give rise to a 'reasonable probability' that the outcome of the trial would have been different."). While the court does "not minimize the threat that a roomful of uniformed and armed policemen might pose to a defendant's chances of receiving a fair trial," Holbrook, 475 U.S. at 570-71, it does not find petitioner has shown that "but for counsel's [failure to object to their presence], the result of the proceeding would have been different." Byrd, 645 F.3d at 1168 (internal quotation omitted).

The court cannot conclude that trial counsel's failure to consult with his client before he admitted petitioner committed the predicate offense or his failure to object to, or attempt to limit any prejudice resulting from, the police presence in the courtroom, amounted to constitutionally deficient performance or was "so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner is not entitled to habeas relief on the ground that his counsel was ineffective.

The remaining issue consists of petitioner's request for an evidentiary hearing before this court on his claim of ineffective assistance of counsel. The court agrees with the magistrate judge's analysis of this issue and her determination that petitioner has not demonstrated he is entitled to a hearing.

On the basis of the court's analysis and that of the magistrate judge in her Report and Recommendation, which the court adopts, the petition for writ of habeas corpus is denied. The court also denies petitioner's request for an evidentiary hearing and a certificate of appealability, as the court has found petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE